OTIS ELEVATOR CO. v. MANN.

(Circuit Court of Appeals, Second Circuit. November 13, 1911.)

No. 69.

MASTER AND SERVANT (§ 230*)—MASTER'S LIABILITY FOR INJURY TO SERVANT —CONTRIBUTORY NEGLIGENCE.

In an action by a minor employé, 16 years old, against his employer, to recover for personal injuries, the question whether or not plaintiff was chargeable with contributory negligence, when one for the jury, is to be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

determined in view of all the circumstances of the case, of which his age is one.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 687–700; Dec. Dig. § 230.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action at law by Edward Mann, an infant, by J. Edward Mann, his guardian ad litem, against the Otis Elevator Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Bertrand L. Pettigrew, for plaintiff in error.

Thomas J. O'Neill and L. F. Fish, for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. The plaintiff, a minor, sued by his father, guardian ad litem. June 24, 1909, being then 16 years of age, he entered the defendant's employment at about 8 a. m. and was put in charge of one Percival for the purpose of being instructed in running an elevator in its factory. At about 11 a. m., the elevator being then at the fourth floor, the bell rang for it to go up to the fifth floor. The plaintiff pushed over the starting lever, and his right leg slipped off the platform of the elevator, and was caught when the car reached the fifth floor, and so badly crushed that it had to be amputated just above the knee.

The car was open on the north side between floors, and was started by a lever which projected from a switchboard fastened to the east side of the car. When the lever is in an upright position the car is at rest. When pushed forward, by means of the horizontal handle, the car goes up; and when pushed back, it goes down. The plaintiff signed a written statement at the hospital, the day after his leg was amputated, to the effect that he was kneeling on the platform, facing north, when the bell rang, and as he rose to push the lever he slipped, and his right leg fell out. At the trial he testified that he was standing up, and that when he pushed the lever over quickly the car gave a sudden jump, and his knuckles were caught between the handle of the lever and the wall of the shaft, as a result of one or both of which things he slipped, and his leg was caught at the fifth floor. Both the complaint and the notice served under the employer's liability act of New York (Consol. Laws 1909, c. 31, §§ 200–204) charged that the accident was due to the defendant's failure to properly instruct the plaintiff how to run the elevator, and to its furnishing him an insufficient and improperly constructed elevator to run. The theory was that he was not told, as he should have been, to push the lever over slowly, lest the elevator start with a jump, and that the switchbox was placed so near the front of the car that the operator's knuckles, when he pushed the lever forward, might easily be brought into contact with the wall of the shaft.

The defendant submitted several requests to charge that the plaintiff could not recover, which were properly refused, because they restricted the cause of the accident to the elevator's starting with a jump,

and did not include as a possible cause the placing of the operating lever too near the wall of the shaft. So the exception to the charge of the court in directing the attention of the jury to this as a possible cause of the accident cannot be sustained. The defendant might well have asked the court for more definite instructions to the jury upon the subject of proximate cause, and whether the accident which happened was one fairly to be anticipated as a consequence of placing the switchbox where it was, but did not do so. All these exceptions proceed on the theory that the case should not have been submitted to the jury, but we think it was clearly for them.

The only other exception which need be considered is to the charge of the court that the plaintiff was to be held to the degree of care appropriate to his years, and to the refusal to charge that he was to be held to the same degree of care as a person of maturer years. There is no absolute rule in either case. The jury are to find in the case of an infant sui juris, as well as in the case of an adult, whether reasonable care under the circumstances was exercised. The age of a minor is one of the circumstances to be considered. The degree of care to be required of a man who is lame, blind, or deaf may be different from that required of a man who is not so, and the degree of care required of a boy of 16 may not be the same as that required of an adult. The question was one for the jury to determine on all the circumstances of the case, of which the boy's age was one.

The judgment is affirmed.